Kevin **BELLANGER**, Appellant,

v.

**UNITED STATES of America, Appellee.**

No. 87–794.

District of Columbia Court of Appeals.

Argued July 14, 1988.
Decided Aug. 16, 1988.[1]
As Amended Oct. 12, 1988.

---

the interim, raised a timely objection to continued custody of the children by D.H.S.

1. The decision in this case was originally released as a Memorandum Opinion and Judgment. The court has granted appellee's request for publication. In preparing the opinion for publication we have moved a footnote to the text and added a new last sentence in footnote 4. The former involves no substantive change, and the latter simply makes explicit what was previously implicit.

David C. Gray, Washington, D.C., appointed by this court, for appellant.

John M. Seabright, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before TERRY, ROGERS, and SCHWELB, Associate Judges.

PER CURIAM:

Appellant Kevin Bellanger appeals from his jury conviction of armed robbery, D.C. Code §§ 22–2901, –3202 (1981).[2] He contends that the trial court erred in admitting a statement of a coconspirator and abused its discretion in denying appellant's motion

for a mistrial because of the government's *Brady*[3] violation. We affirm.

### I.

Briefly stated, the evidence showed that appellant, Spike, Ray and three or four other men gathered at Dupont Circle, N.W. and decided to beat up someone at the P Street Beach, in the vicinity of 23rd and P Streets, N.W., in an effort to get some money. On their way there, each man picked up a stick from a building under construction and proceeded on to the Beach. One man picked up a lead pipe. After attacking one man who escaped, appellant and the others beat and robbed Rigoberto Calvo. Calvo's wallet was recovered from the floor of the police transport vehicle where appellant and Spike were sitting after Spike had attempted to dispose of it.

At trial, John Driscoll testified as an eyewitness for the government. On redirect examination he testified that he heard appellant, Spike and Ray plan what they were going to do. This testimony was admitted into evidence after the trial judge found that the requirements of *Butler v. United States,* 481 A.2d 431, 439 (D.C. 1984) (adopting Fed.R.Evid. 801(d)(2)(E)), *cert. denied,* 470 U.S. 1029, 105 S.Ct. 1398, 84 L.Ed.2d 786 (1985), had been met.[4] We find no error.

Appellant's reliance on D.C.Code § 22–105a(b) (1981),[5] for the proposition that an overt act must occur before a coconspirator's statement is admissible, is both erroneous as a matter of law and misplaced since that section is inapplicable

---

2. Appellant's conviction for assault with a dangerous weapon, D.C. Code § 22–502 (1981), was vacated.

3. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

4. *See Bourjaily v. United States,* — U.S. —, 107 S.Ct. 2775, 2782, 97 L.Ed.2d 144 (1987) (in making preliminary factual determination under Fed.R.Evid. 801(d)(2)(E) of whether a conspiracy exists by a preponderance of the evidence, court may examine hearsay statements sought to be admitted). The trial court in the

instant case applied the rule of *Butler,* 481 A.2d at 439–40, and considered only evidence independent of the coconspirator's statement. *Butler* also required a different standard of proof of the conspiracy. 481 A.2d at 441 (more probable than not). We need not decide what, if any, effect *Bourjaily* has on *Butler.*

5. D.C. Code § 22–105a(b) (1981) provides:

No person shall be convicted of conspiracy unless an overt act is alleged and proved to have been committed by 1 [sic] of the conspirators pursuant to the conspiracy and to effect its purpose.

to a discussion of the scope of the cocon-spirator statement rule. An overt act is necessary for conviction, but a conspiracy need not even be alleged for a court to apply Fed.R.Evid. 801(d)(2)(E). *See Butler, supra,* 481 A.2d at 439, 441. *See also United States v. Stratton,* 779 F.2d 820, 829 (2d Cir.1985), *cert. denied,* 476 U.S. 1162, 106 S.Ct. 2285, 90 L.Ed.2d 726 (1986). Fed.R.Evid. 801(d)(2)(E) does not require proof of an overt act as a condition prece-dent for admission of a coconspirator's out-of-court statement as nonhearsay evidence. Under *Butler,* the government need only show that the existence of a conspiracy was more probable than not, that the de-fendant had a connection with it, and that the coconspirator made the statement dur-ing the course of and in furtherance of the conspiracy. 481 A.2d at 439, 441. *See also United States v. Shoffner,* 826 F.2d 619, 628 (7th Cir.1987) ("[c]onversations made by conspirators to prospective coconspira-tors for membership purposes are acts in furtherance of the conspiracy") (citation omitted), *cert. denied,* — U.S. ——, 108 S.Ct. 356, 98 L.Ed.2d 381 (1987); *United States v. Rahme,* 813 F.2d 31, 35 (2d Cir. 1987) ("[s]tatements by a coconspirator are in furtherance of the conspiracy within the meaning of Rule 801(d)(2)(E) if they prompt the listener to respond in a way that facili-tates the carrying out of criminal activity"); *United States v. Grandison,* 780 F.2d 425, 432 (4th Cir.1985) (statements uttered in "nascent stages" of a conspiracy are made in furtherance thereof), *cert. denied and judgment vacated on other grounds,* 479 U.S. 1076, 107 S.Ct. 1270, 94 L.Ed.2d 132 (1987); *State v. Fuhr,* 660 S.W.2d 443, 448 (Mo.App.1983) (evidence required for ad-mission of coconspirator's statement re-quires only a showing of an agreement between defendant and declarant and a statement in furtherance of their scheme).

## II.

Appellant also contends that the tri-al court abused its discretion in denying his motion for a mistrial because the govern-ment failed timely to disclose allegedly ex-culpatory evidence.

On the second day of trial, the prosecu-tor disclosed to appellant a written state-ment given by Ray, a juvenile. The state-ment was that appellant had stopped beat-ing the victim, Calvo, when Spike had re-moved the victim's watch, and that another person, previously unnamed (Kilroy), was involved in the assault. As the prosecutor told the court, the statement suggested that appellant had retreated from the con-spiracy or the criminal assault, although, in the prosecutor's view, not sufficiently. The trial court, noting that the statement was probably favorable to the defense, ruled that it fell within *Brady.* Appellant, who had made a *Brady* request, moved for a mistrial or, in the alternative, for sanc-tions to prevent the government from us-ing other coconspirator statements. The court denied the motion, finding no preju-dice had been caused to appellant as a result of not having had Ray's statement three weeks earlier when the government received it; nor, in the court's view, could defense counsel propose an appropriate sanction. On appeal, appellant contends that he was prejudiced by the delay since Ray's statement draws into question appel-lant's specific intent to commit or aid and abet in a robbery.

Assuming that the government had an obligation under *Brady* to turn over Ray's statement, appellant has not demonstrated any prejudice by the delay in receiving Ray's statement. He did not ask for a continuance in order to make use of the statement. *Frezzell v. United States,* 380 A.2d 1382, 1385 (D.C.1977) (once exculpato-ry material is disclosed to defense, it is incumbent on defense counsel to request continuance in order to make use of materi-al), *cert. denied,* 439 U.S. 931, 99 S.Ct. 319, 58 L.Ed.2d 324 (1978); *Smith v. United States,* 363 A.2d 667, 668 (D.C.1976) (res-pite is proper remedy for defense for mid-trial *Brady* disclosure). Nor has appellant suggested that Kilroy would have exculpat-ed him in any respect. Furthermore, the evidence was not sufficiently prejudicial under *United States v. Bagley,* 473 U.S.

667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985).[6] The government's theory was that appellant was an aider and abettor, and the evidence, including eyewitness testimony, was overwhelming in that respect. *See Johnson v. United States,* 434 A.2d 415, 422 (D.C.1981); *Hackney v. United States,* 389 A.2d 1336, 1342 (D.C.1978), *cert. denied,* 439 U.S. 1132, 99 S.Ct. 1054, 59 L.Ed.2d 95 (1979). The statement of

whether another conspirator took Calvo's watch was insignificant.

Accordingly, the judgment is affirmed.

---

6. *See also United States v. Ingraldi,* 793 F.2d 408, 411–12 (1st Cir.1986) (due process requirements met where *Brady* material disclosed after beginning of trial, if accused not prejudiced in preparing and presenting his case). In the instant case, the government points out that Ray, had he been called as a witness, almost certainly would have invoked his fifth amendment privilege not to testify. The government also suggests that it is unclear whether the whole state-

ment would have been admissible as a declaration against penal interest under *Laumer v. United States,* 409 A.2d 190 (D.C.1979). We need not consider this issue, however, since nothing in the record suggests that appellant explored either of these possibilities. Presumably, as the government suggests, he realized that Ray's statement was far more inculpatory than exculpatory.